1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AMBER WOLFING,                              No.  2:24-cv-01963-DC-JDP

12                 Plaintiff,

13         v.                                     ORDER GRANTING PLAINTIFF'S MOTION
                                                  TO REMAND AND REMANDING THIS
14    MEDICAL MANAGEMENT                          ACTION TO THE SACRAMENTO COUNTY
      INTERNATIONAL, INC.,                        SUPERIOR COURT
15
                 Defendant.                       (Doc. No. 11)
16

17           This matter is before the court on Plaintiff Amber Wolfing's motion to remand this action

18   to the Sacramento County Superior Court. (Doc. No. 11.) Pursuant to Local Rule 230(g), the

19   pending motion was taken under submission to be decided on the papers. (Doc. No. 13.) For the

20   reasons explained below, Plaintiff's motion to remand will be granted.

21                                       **BACKGROUND**

22           On April 18, 2024, Plaintiff filed a wage-and-hour class action complaint against her

23   employer Defendant Medical Management International, Inc. and Does 1 through 10, in the

24   Sacramento County Superior Court. (Doc. No. 1 at 16.) Plaintiff alleges that since August 2019,

25   she worked for Defendant in California as an hourly-paid, non-exempt employee. (*Id.* at 17, ¶ 3.)

26   Plaintiff brings nine claims under California state law for: (1) unfair competition in violation of

27   the Unfair Competition Law ("UCL"), California Business and Professional Code §§ 17200, *et*

28   *seq*; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide

                                                   1

1  required meal periods; (5) failure to provide required rest periods; (6) failure to provide accurate

2  itemized statements; (7) failure to reimburse employees for required expenses; (8) failure to pay

3  sick wages; and (9) failure to provide reasonable accommodation in violation of the California

4  Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(m). (*Id.* at

5  40–58.) Plaintiff brings her UCL claim on behalf of herself and a "California Class," and she

6  brings her labor claims on behalf of herself and a "California Labor Sub Class." (*Id.*) Plaintiff's

7  FEHA claim is brought only on behalf of herself individually, and for that claim she seeks: (1)

8  compensatory damages in excess of $25,000; (2) special and general damages; (3) punitive

9  damages; (4) statutory damages, penalties, and attorneys' fees; (5) past and future loss of

10 earnings; and (6) "interest at the legal rate in an amount according to proof."[1] (*Id.* at 61.)

11 On July 17, 2024, Defendant filed a notice of removal asserting this court has subject

12 matter jurisdiction based on diversity pursuant to 20 U.S.C. §§ 1332, 1441, and 1446. (*Id.* at 2.)

13 On August 23, 2024, Plaintiff filed the pending motion to remand this action back to the

14 Sacramento County Superior Court, on the grounds that Defendant failed to establish, by a

15 preponderance of the evidence, that the amount in controversy exceeds $75,000, as required.[2]

16 (Doc. No. 11 at 5.) Defendant filed its opposition to the pending motion and a request for judicial

17 notice on September 13, 2024. (Doc. Nos. 14, 15.) Plaintiff filed her reply thereto on September

18 23, 2024. (Doc. No. 16.)

19 **LEGAL STANDARD**

20 "Federal courts are courts of limited jurisdiction." *Gunn v. Minton,* 568 U.S. 251, 256

21 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A

22 defendant may remove any action from state court to federal court when the federal court has

23

24 ───────────────

[1] Plaintiff also seeks relief, including damages, for her UCL and labor claims. (Doc. No. 1 at 59–
25 61.) The court does not summarize that relief sought, however, because only the damages sought
by Plaintiff on her FEHA claim are at issue in the pending motion.

26
[2] Defendant asserts, and Plaintiff does not dispute, that Defendant is a citizen of Delaware and
27 Washington, and that Plaintiff is a citizen of California. (Doc. No. 1 at 2.) Thus, the only question
before the court is whether the amount in controversy exceeds the $75,000 jurisdictional
28 threshold.

2

original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

However, if a plaintiff contests the allegations in the notice of removal, both sides may "submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 82; *see also Johnson v. Wal-Mart Assocs. Inc.*, No. 22-cv-7425-MWF-MRW, 2023 WL 2713988, at *4 (C.D. Cal. Mar. 30, 2023) (finding the standards set forth in *Dart* and subsequent cases in this circuit are not limited to Class Action Fairness Act removals).

A plaintiff may challenge the allegations in the notice of removal in two ways. First, a plaintiff may bring a "facial attack" which "accepts the truth of the . . . allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2014) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). When a plaintiff mounts a facial attack, the court resolves it in much the same way as a motion to dismiss—by accepting the allegations as true, drawing all reasonable inferences in the defendant's favor, and determining whether the allegations are sufficient to invoke the court's jurisdiction. *Id*. Alternatively, a plaintiff may bring a "factual attack," which "contests the truth of the . . . factual allegations, usually by introducing evidence outside the pleadings." *Id*. When a plaintiff brings a factual attack, the defendant must support its allegations with "competent proof" under a summary judgment-like standard. *Id*. Defendants' "burden of establishing removal" does not shift to Plaintiff at any time. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th

Cir. 2006). "This approach is akin to the procedure in the summary judgment context whereby, if the party with the initial burden of production fails to carry its burden, the other party 'has no obligation to produce anything.'" *Giles v. Nat'l Express Transit Corp*., No. 22-cv-00257-JLT-BAM, 2023 WL 2681974, at *1 (E.D. Cal. Mar. 29, 2023) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc*., 210 F.3d 1099, 1102–03 (9th Cir. 2000)).

The party removing the action has the ultimate burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051. 1057 (9th Cir. 2018). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

## ANALYSIS

As noted above, the only issue before the court is whether the amount in controversy threshold has been met. In her motion, Plaintiff seeks remand of this action to the Sacramento County Superior Court on the grounds that Defendant has failed to satisfy its burden of establishing that the amount in controversy for Plaintiff's individual claims exceeds the $75,000 threshold for diversity jurisdiction. (Doc. Nos. 11 at 10; 1 at ¶ 25.) For the reasons explained below, the court concludes that Defendant has not met its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.

As an initial matter, the amount in controversy is not apparent from the face of the complaint, despite Plaintiff's argument in her reply to the contrary. (Doc. No. 16 at 4.) In the complaint, Plaintiff alleges "[t]he amount in controversy for Plaintiff individually does not exceed the sum or value of $75,000." (Doc. No. 1 at 25, ¶ 25.) However, Plaintiff makes no mention of the total amount in controversy in her prayer for relief or elsewhere in her complaint. (*Id.* at 59–61). Plaintiff instead only mentions the amount in controversy for compensatory damages, as

"according to proof at trial, but in excess of $25,000," and for actual damages, alleging that they do not exceed an "aggregate penalty of $4,000" for the wage-and-hour claims. (*Id.* at 60–61, ¶ 2–3.) Therefore, despite providing some indication of parameters, Plaintiff's complaint is ambiguous as to the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (finding plaintiff's complaint to be ambiguous as to amount in controversy where plaintiff limited some damages to $75,000 but made no mention of the "total dollar amount in controversy" in prayer for relief and did not include any limit as to attorneys' fees). Where, as here, a complaint is unclear as to the amount in controversy, the removing defendant must establish by a preponderance of the evidence that the $75,000 threshold is met. *Id.* at 699.

In its notice of removal, Defendant makes a calculation that differs somewhat from the calculation made in its opposition to the motion to remand. (Doc. Nos. 1 at 13; 14 at 5.) Defendant in its notice of removal calculates the amount in controversy to be $98,200.00. (Doc. No. 1 at 13.) In this calculation, Defendant includes damages from Plaintiff's minimum wage claim ($2,800.00), meal and rest break claims ($9,800.00), overtime wage claim ($7,350.00), wage statement claims ($3,250.00), wage statement claim ($9,800.00), emotional distress damages ($25,000.00), punitive damages ($25,000.00), and attorneys' fees for all of Plaintiff's claims ($25,000). (*Id.*) Plaintiff argues in her motion to remand that Defendant's calculations with respect to each of these claims are both factually and facially deficient. Plaintiff avers that Defendant uses rates of pay inconsistent with Defendant's declaration stating Plaintiff's rates of pay for the period in question, offers no proof and relies on "unsupported and unreasonable assumptions" to substantiate 20% and 100% violation rates, and fails to present any evidence regarding which shifts Plaintiff worked that entitled her to meal and rest breaks. (Doc. No. 11 at 10–15.) In opposition, Defendant does not address—let alone rebut with evidence—Plaintiff's arguments as to her labor claims. Defendant has apparently abandoned its inclusion of those damages in attempting to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Instead, Defendant argues that the "amount in controversy for Plaintiff's individual FEHA claim meets or exceeds the jurisdictional threshold . . . standing

5

1    alone." (Doc. No. 14 at 2.) To that end, Defendant calculates compensatory damages

2    ($25,000.01), emotional distress damages ($10,000.00), punitive damages ($25,000.01), and

3    attorneys' fees ($30,000.00) for a total amount in controversy on the FEHA claim of $98,000.02.

4    (*Id.* at 5.) The court will begin by addressing Defendant's calculation of attorneys' fees because

5    they are critical to reaching the $75,000 threshold for diversity jurisdiction.

6        Attorney's fees may be "considered in determining the amount in controversy if such fees

7    are recoverable by plaintiff, either by statute or by contract." *Campbell v. Hartford Life Ins. Co*.,

8    825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

9    1156 (9th Cir.1998)). If future attorneys' fees are recoverable by statute, they "should be included

10   in the amount in controversy" calculation. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d

11   785, 788 (9th Cir. 2018). However, a "district court may reject the defendant's attempts to include

12   future attorneys' fees in the amount in controversy" if a defendant fails to carry their burden of

13   proving future attorneys' fees by a preponderance of the evidence. *Id.* at 795.

14       Here, there is no dispute that attorneys' fees are recoverable under FEHA and should be

15   included in the amount in controversy calculation. Defendant estimates Plaintiff's counsel will

16   spend at least 100 hours litigating the FEHA claim since it is "completely separate and apart from

17   the wage-and-hour claims." (Doc. No. 14 at 3.) To support its estimate of 100 hours, Defendant

18   relies on the decision in *Adkins v. J.B. Hunt Transport, Inc.* 293 F. Supp. 3d 1140, 1148 (E.D.

19   Cal. Mar. 20, 2018), in which the court found 100 hours to be an "appropriate and conservative

20   estimate" of the number of hours expended through trial for employment cases generally. (*Id.* at

21   3.) To arrive at its estimate amount of attorneys' fees, Defendant multiplies the 100 hours by an

22   hourly rate of $300, which Defendant represents is a discount from the "lowest attorney rate

23   ($450)" that Plaintiff's counsel's law firm bills for associates' time. (Doc. No. 14 at 3.)

24   Specifically, Defendant cites as evidence a declaration by Plaintiff's counsel that was filed on

25   behalf of another client in a different action, in which Plaintiff's counsel stated that his law firm

26   /////

27   /////

28   /////

1    bills associates at $450 to $750 per hour and partners at $850 to $995 per hour.[3] (*Id.*) Thus,

2    Defendant calculates attorneys' fees in the amount of $30,000 (100 hours × $300 per hour)—an

3    estimate Defendant characterizes as "conservative." (*Id.*)

4        In her reply, Plaintiff argues that Defendant's analysis of Plaintiff's attorneys' fees is

5    unreliable and that Defendant's estimation of 100 hours of work is without any evidentiary

6    support. (Doc. No. 16 at 6.) Plaintiff further argues that Defendant's reliance on the court's

7    decision in *Adkins* is unwarranted because that court found 100 hours to be a reasonable

8    estimation of time expended for litigation through trial of an employment action that included

9    many claims, not just an individual FEHA claim. (*Id.*) (citing *Adkins*, 293 F. Supp. 3d at 1148).

10        The court agrees with Plaintiff's arguments and finds that Defendant's attorneys' fees

11    calculation is speculative. Defendant has not demonstrated why its assumption that Plaintiff's

12    counsel will spend at least 100 hours on the FEHA claim alone is reasonable. Notably,

13    Defendant's reliance on *Adkins* is misplaced because the 100-hour estimate in that case included

14    time spent on several claims, not just FEHA. Defendant has failed to analogize this case to one in

15    which 100 hours was found to be a reasonable estimate for time-spent litigating an individual

16    FEHA claim. *See Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020)

17    (finding that the defendant's citation to another case in which the same counsel's fees were at

18    issue was unconvincing because the defendant failed to provide further comparison to that other

19    case); 293 F. Supp. 3d at 1148. Further, Defendant presents no "summary-judgement-type"

20    evidence to explain why 100 hours is an appropriate estimate for Plaintiff's FEHA claim. *See*

21    *Elias v. Integon Preferred Ins. Co.*, No. 2:24-cv-01981-WLH-RAO, 2024 WL 2732228, at *2

22

23    [3] Defendant requests that the court take judicial notice of the declaration by Plaintiff's counsel in
      a different case that was filed to support the hourly rate that the plaintiff had used to calculate
24    attorneys' fees in connection with their motion for court approval of the parties' settlement. (Doc.
      No. 15 at 2.) Pursuant to Federal Rules of Evidence 201(b), a court may take judicial notice of a
25    fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). If a fact is "generally
      known" or "can be accurately and readily determined from sources whose accuracy cannot
26    reasonably be questioned," it is "not subject to reasonable dispute." Fed. R. Evid. 201(b)(1)–(2).
      Courts regularly take judicial notice of court filings and other matters of public record. *See Reyn's*
27    *Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Therefore,
      Defendant's request for judicial notice will be granted.
28

(C.D. Cal. May 28, 2024) (finding that the defendant's estimate of the number of hours to be spent on the case was not supported by a preponderance of the evidence because the defendant failed to explain the "specific factors present in the case" that led to that estimate). Further, Defendant's "lump sum" estimate does not outline how much time counsel will expend on "major tasks," or assign a billing rate to these tasks. *See Newsome v. FCA USA LLC*, No. 1:20-cv-01189-JLT-BAK, 2022 WL 408631, at *6 (E.D. Cal. Feb. 10, 2022) (finding attorneys' fees to be speculative where defendant failed to estimate the "amount of time major tasks will take or approximate the hourly billing rate"). The court finds that Defendant has failed to proffer "summary-judgment-type evidence" to show that it is "more likely than not" that the amount in controversy exceeds $75,000. *See Schneider*, 441 F. Supp. 3d at 914 (quoting *Fritsch*, 899 F.3d at 795–96).

For these reasons, Defendant has not met its burden to show by a preponderance of the evidence that the amount in controversy requirement is satisfied. Even if the court adopted the remainder of Defendant's calculations as stated in its opposition, the total amount in controversy would still fall short of $75,000. (Doc. No. 14 at 5.) Therefore, because this court does not have subject matter jurisdiction over this action, the court will grant Plaintiff's motion to remand this case.

## CONCLUSION

For the reasons explained above:

1. Plaintiff's motion to remand this action to the Sacramento County Superior Court (Doc. No. 11) is granted;

2. Plaintiff's request for judicial notice (Doc. No. 15) is granted;

3. This action is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 26, 2024**

Dena Coggins
United States District Judge

8